

# NUMBER 13-14-00303-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**RICHARD BIANCHI,**                                                **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                          **Appellee.**

## On Appeal from the 343rd District Court
## of Aransas County, Texas.

# ORDER

## Before Chief Justice Valdez and Justices Perkes and Longoria
## Order Per Curiam

On May 29, 2014, Richard Bianchi, the appellant in the above-styled and numbered cause, filed his notice of appeal from the judgment rendered by the 343rd District Court of Aransas County granting the State's quo warranto petition and removing Bianchi from the office of County Attorney of Aransas County. *See* TEX. R. APP. P. 28.1(a) (stating that "appeals in quo warranto proceedings . . . are accelerated appeals"). For the

reasons set forth below, the Court now enters this order modifying the time to file briefs. *See* TEX. R. APP. P. 38.6(d) ("Modifications of Filing Time").

## I. BACKGROUND

On June 2, 2014, Bianchi filed in this Court an "Emergency Motion for Suspension of Judgment and Motion to Reverse, Vacate or Modify Trial Court Ruling Enforcing Judgment." This Court, having examined and fully considered Bianchi's emergency motion, issued an order on June 2, 2014 that granted Bianchi's motion, in part, insofar as we suspended enforcement of the orders issued by the district court on May 28, 2014 and May 30, 2014 and ordered the district court's orders stayed pending further order of this Court or final disposition of this appeal.

In our order entered on June 2, 2014, we requested that the State, acting by and through the Aransas County District Attorney, Michael Welborn, file a response to Bianchi's emergency motion. The State filed its response on June 6, 2014. In its response, the State requested that this Court lift, partially lift, or clarify the stay currently in effect in this cause. On June 11, 2014, the Court, having examined and fully considered the State's request, entered an order granting the State's request, in part, insofar as we clarified that the stay previously issued in this cause does not affect or impair the ability or duty of the Aransas County Commissioners' Court with regard to any actions that would be encompassed in its normal course of business, including, but not limited to, any potential appointments. All other relief sought by the State was ordered carried with the case.

## II. MODIFICATION OF TIME TO FILE BRIEFS

Ordinarily, in an accelerated appeal such as this, the time to file briefs is governed by Rule 38.6(a)–(c) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 28.1(e) ("The deadlines and procedures for filing the record and briefs in an accelerated appeal are provided in Rules 35.1 and 38.6."); *see also* TEX. R. APP. P. 38.6(a)–(c) ("Time to File Briefs"). However, this Court has discretion to "make any . . . appropriate order that the law and the nature of the case require." TEX. R. APP. P. 43.6. Furthermore, the rules of appellate procedure specifically provide that the Court may, in the interests of justice, shorten the time for filing briefs and for submission of the case. *See* TEX. R. APP. P. 38.6(d) ("Modification of Filing Time").

The Court, having examined the law and the nature of the case, is of the opinion that in the interests of justice, an appropriate order should be issued to shorten the time for filing briefs and for submission of the case. *See id.* Accordingly, the Court hereby orders the time for filing briefs in this cause shortened by modifying the applicable deadlines provided in Rule 38.6(a) and (b) of the Texas Rules of Appellate Procedure, respectively, from "20 days" to 10 days for the appellant's brief and from "20 days" to 10 days for the appellee's brief. *See* TEX. R. APP. P. 38.6(a)–(b), (d). The time period for the appellant to file his appellate brief under Rule 38.6(a), as modified herein, will commence upon the filing of the reporter's record in this cause. *See* TEX. R. APP. P. 38.6(a)(2), (d). The Court discourages the parties from requesting any extension of time to file their respective briefs that will cause a delay in the submission of the case.

Finally, the rules of appellate procedure generally provide that "[t]he appellant may file a reply brief addressing any matter in the appellee's brief." TEX. R. APP. P. 38.3.

However, the rules also provide that "the appellate court may consider and decide the case before a reply brief is filed." *Id.* Furthermore, in the context of an accelerated appeal such as this, the rules further provide that "[t]he appellate court may allow the case to be submitted without briefs." TEX. R. APP. P. 28.1(e). The Court, having examined the law and the nature of the case, is of the opinion that this case should be submitted without a reply brief. *See id.* Accordingly, the Court will consider and decide the case without a reply brief. *Id.* The Court discourages Bianchi from requesting leave to file a reply brief.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
18th day of June, 2014.